Robb, Judge,
concurring in result.
As a general premise,' I agree with the law stated by both Judge Bailey and Chief Judge Vaidik' in their opinions. But I see the facts of this case differently than either Judge Bailey or Chief Judge Vaidik and believe Mother’s situation falls somewhere in between the law as stated by each of them. Nonetheless, I ultimately agree with Judge Bailey that the trial court’s order finding Mother in contempt should be reversed, and I therefore concur in result.
In part, I agree with Judge Bailey that the trial court’s May 2016 order constituted an improper delegation of parental authority to Family Ties, as' it allowed Family Ties to determine the day on which Father would 'exercise his parenting time rather than allowing the'parties in conjunction with Family Ties to set a schedule in keeping with the trial court’s order. However, I also note that, unlike the situation in' Matter of A.A.R., the court here specifically determined 'the exact conditions under which Father’s parenting 'time would increase and evolve, not leaving the question of modification of parenting time to a non-judicial decision-maker. Rather, the trial court’s broad order that Family Ties would “control and supervis[e]” parenting time allowed Family Ties to usurp Mother’s decision-making about Child’s treatment and schedule and yet the trial court had not found that Mother’s authority as sole custodian of Child should be limited. Appendix of Appellant, Volume II at 11. To this extent, I agree the trial court improperly delegated parental authority to Family Ties.
I also acknowledge Chief Judge Vaidik’s point that if Mother was unhappy with the trial court allowing Family Ties this discretion, she' could have áppealed the order after it was entered in May of 2016. But the order as written did not put undue burdens on Mother and therefore she had nothing to appeal. It was later, when Family Ties began exercising its limited discretion in a manner that was outside the bounds of the order with respect to Mother and Child, that issues arose. When Mother took issue with how Family Ties was interpreting and implementing *983 the court’s order, she used the court process to try to resolve the conflict by requesting that parenting time be relocated and a guardian ad litem be appointed. She timely appeals the denial of those requests, and I therefore do not believe she has forfeited her right to appeal.
As for the trial court’s contempt finding, the trial court ordered Father to participate in any program of counseling Family Ties recommended. Child already had a counselor and was not ordered by the court to participate in therapeutic counseling, .Mother was not ordered to facilitate the Child’s participation in Father’s therapeutic counseling but only to cooperate with parenting time. Therefore, Family Ties was unnecessarily and without authority limiting its availability to, supervise parenting time by its unilater,al imposition of a therapeutic element. In other words, at the time Mother allegedly refused to comply with Family Ties’ requirements, she was under no court obligation to satisfy those requirements. For these reasons, I agree the contempt finding must be reversed.